# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV128

| | |
|---|---|
| SHARON COBB, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>JOHN E. POTTER, Postmaster General, )<br>United States Postal Service, )<br>)<br>Defendant. )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1), (2), and (6) or, in the alternative, for summary judgment under Rule 56.

## I. STANDARD OF REVIEW

The Plaintiff filed this action on July 2, 2004, alleging two causes of action: discrimination in violation of Title VII of the Civil Rights Act of 1964, and an error of law by the EEOC in enforcing a settlement agreement between the parties. The Defendant moves for dismissal of the Plaintiff's first cause of action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment; Defendant also seeks dismissal of Plaintiff's second cause of action under Rules 12(b)(1), (2), and (6) for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted.

The standard of review applicable to a motion to dismiss pursuant to Rule 12(b)(6) is well established. "'[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim entitling [her] to relief.'" **Lu v. Zurich American Ins. Co.**, 115 Fed. Appx. 613, 618 (4th Cir. 2004) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

A party is entitled to summary judgment where she has demonstrated that the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(c).** When reviewing a motion for summary judgment, the Court should view the evidence in the light most favorable to the non-moving party. **Wilson v. Textron Flex Alloy, Inc.**, 2004 WL 3334789, *7 (W.D.N.C. 2004), *aff'd*, 126 Fed. Appx. 626 (4th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The party against whom a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is brought "in effect, is afforded the same procedural protection as [she] would receive under a [motion to dismiss under] Rule 12(b)(6)." **Adams v. Bain**, 697 F.2d 1213, 1219 (4th Cir. 1982). In considering a motion to dismiss for lack of personal jurisdiction based on the allegations contained in the complaint, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient basis to survive the jurisdictional challenge[;] . . . [t]he court must construe all relevant pleading allegations in the light most favorable to plaintiff and draw the

most favorable inferences in favor of jurisdiction." *Curtis Engine & Equip., Inc. v. Cummins Engine Co., Inc.*, 1997 WL 835051, *1 (D. Md. 1997).

## II. DISCUSSION

### A. Factual and Procedural History

The facts taken from the Plaintiff's complaint are as follows. On May 24, 2002, Sharon Cobb received a written Notice of Removal for Improper Conduct from her employer, the Defendant, the United States Postal Service (the "USPS"). **Complaint, ¶ 6.** Prior to that date, she was employed at the Defendant's Asheville Processing and Distribution Facility. *Id.*, **¶ 2.** On July 15, 2002, the Plaintiff filed a complaint with the USPS, Office of EEO Compliance and Appeals, alleging the Notice of Removal was a result of discrimination based on her sex and in retaliation for her prior involvement in EEO actions. *Id.*, **¶¶ 4, 7.**

In addition to filing the complaint, the Plaintiff also initiated a grievance over the Notice of Removal under the terms of the Collective Bargaining Agreement between the USPS and the American Postal Workers Union, of which she was a member. *Id.*, **¶ 11.** On January 9, 2003, while her complaint with the EEO Compliance and Appeals was still pending, the Plaintiff underwent an arbitration proceeding pursuant to the Collective Bargaining Agreement. *Id.*, **¶ 12.** On that day, the Plaintiff was informed by her Union representative that because of procedural irregularities, her grievance was subject to dismissal. *Id.* Based on this information, the Plaintiff felt coerced into signing a "Pre-Arbitration Settlement Agreement" which reduced the notice of removal to "time served suspension without pay." *Id.*, **¶ 14.** The settlement agreement also stated that the Plaintiff agreed "to withdraw any and all other appeals, and/or complaints,

including, but not limited to [her] EEO Complaint[.]" *Id.*  Furthermore, the "parties agree[d] that [the] settlement [was] non-precedent setting and may not be cited in any other forum." *Id.*, ¶ 17.

Following the signing of this agreement, the Plaintiff did not withdraw her EEO complaint. *Id.*, ¶ 18.  At the EEO hearing, the settlement agreement was filed with the Administrative Law Judge, and the Plaintiff's EEO complaint was subsequently dismissed on August 14, 2003, based on the grounds stated in the settlement agreement. *Id.*, ¶¶ 19-20.  The dismissal on grounds of the settlement agreement was upheld on appeal by the United States Equal Opportunity Commission, Office of Federal Operations. *Id.*, at ¶ 21.  The Plaintiff subsequently filed this action on July 2, 2004.

**B. Plaintiff's First Cause of Action**

Defendant moves to dismiss or, in the alternative, for summary judgment, as to Plaintiff's first cause of action, on the grounds that the settlement agreement between the parties in which the Plaintiff waived her Title VII rights should be enforced.

As the Fourth Circuit has recognized, "[a] trial court possesses the inherent authority to enforce a settlement agreement and to enter judgment based on that agreement." ***Williams v. Professional Transp. Inc.*, 294 F.3d 607, 613 (4th Cir. 2002).**  Where a party to a settlement agreement waives her rights under Title VII, a court, before enforcing such a waiver, must determine if the waiver, based on the totality of the circumstances, was knowing and voluntary.[1]

---

[1] The Defendant argues that the Plaintiff's claims of an involuntary waiver of her Title VII rights should be analyzed under the law pertaining to the doctrine of duress.  However, the Court believes that the "totality of the circumstances" analysis approved by the Fourth Circuit in *Cassiday* is the appropriate standard to evaluate the validity of the Plaintiff's waiver.  In *Cassiday*, like the case at bar, the plaintiff alleged that the waiver "was executed under duress"

*Cassiday v. Greenhorne & O'Mara, Inc.*, 63 Fed. Appx. 169 (4th Cir. 2003) ("We also conclude the district court properly determined, based on the totality of the circumstances, that [the plaintiff] knowingly and voluntarily waived her rights under Title VII [by means of the settlement agreement]." (citing *Melanson v. Browning-Ferris Indus., Inc.*, 281 F.3d 272, 276, n.4 (1st Cir. 2002))). In evaluating the totality of the circumstances of a waiver of Title VII rights, the district court in *Cassiday* identified a list of factors to consider:

> (1) the employee's education and business experience; (2) the respective roles of the employer and employee in determining the terms and conditions of the waiver; (3) the clarity of the agreement; (4) the time the employee had to study the agreement; (5) whether the employee had the advice of counsel; (6) whether the employer encouraged the employee to seek the advice of counsel and whether the employee had sufficient time to do so; and (7) the waiver's consideration.

**220 F.Supp.2d 488, 493-94 (D. Md. 2002) (citing *Melanson, supra*; *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998))**. "This list of factors is non-exclusive and no single factor is a *sine qua non*." **Id. (citing *Melanson, supra*).**

Considering the Defendant's motion to dismiss, and accepting as true all of Plaintiff's well-pleaded allegations in her complaint, the Court determines that the Plaintiff can prove a set of facts entitling her to relief. The Plaintiff has alleged facts that the waiver of her Title VII rights, when viewed under the totality of the circumstances, may not have been made knowingly and voluntarily. Therefore, Defendant's motion to dismiss as to Plaintiff's first cause of action is denied.

---

and was therefore invalid. *Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F.Supp.2d 488, 490 (D. Md. 2002) *aff'd* 63 Fed. Appx. 169 (4th Cir. 2003). The cases cited by the Defendant in support of its argument do not address the situation presented here or in *Cassiday* where a plaintiff alleges an involuntary waiver of Title VII rights.

Considering the Defendant's alternative motion for summary judgment on the same cause of action, the Court determines that, at this time, there also exists a genuine issue of fact as to whether the Plaintiff's waiver of her Title VII rights was made knowingly and voluntarily. Therefore, the Defendant's motion for summary judgment is denied, but may be renewed following discovery by the parties.

**C. Plaintiff's Second Cause of Action**

In her second cause of action, the Plaintiff alleges an error of law by the EEOC in dismissing her claim on the grounds of the enforcement of the settlement agreement. The Defendant argues that this claim should be dismissed on the grounds that the EEOC is not a party to this action and that, in the alternative, such a decision by the EEOC is not subject to judicial review. In her opposition brief, the Plaintiff states that the second cause of action was intended as an alternative action should the Defendant argue that the Court lacked jurisdiction to adjudicate the merits of her first cause of action. **Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, at 8-9.** The Plaintiff stated that such an argument was not advanced by the Defendant, and therefore, she would "not further brief or argue this cause of action, at this time." *Id.* The Court interprets this statement as a withdrawal of the Plaintiff's second cause of action. Therefore, such cause of action is dismissed.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss and its alternative motion for summary judgment are **DENIED** as to the Plaintiff's first cause of action.

**IT IS FURTHER ORDERED** that, the Plaintiff having withdrawn her second cause of action, the same is hereby **DISMISSED**.

**Signed: June 3, 2005**

Lacy H. Thornburg
United States District Judge