UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| SHARON COBB, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil No. 1:04CV128 |
| JOHN E. POTTER, | ) | |
| Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| SHARON COBB, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil No. 1:05CV300 |
| JOHN E. POTTER, | ) | |
| Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
|     Defendant. | ) | |

## JOINT PROPOSED PROTECTIVE ORDER

Plaintiff and Defendant have requested production of certain documents from each other. One or more of the documents contain confidential and privileged information. Counsel for the parties have agreed to produce the requested documents subject to this Protective Order, without waiving any privilege that may be applicable.

Counsel for the parties acknowledge the need for entry of this Protective Order in order to facilitate the production of the documents without further proceedings.

**IT IS, THEREFORE, ORDERED** that pursuant to the provisions of Rule 26(c), Federal Rule of Civil Procedure, the Court enters this Protective Order with consent of the parties, for the purposes of assuring the confidentiality of certain information which may be disclosed by the parties in response to the discovery served upon them.

1. As used in this Protective Order, the term "confidential information" includes any information that is disclosed by Plaintiff or Defendant or their counsel to any party or its counsel in the course of this action and that is designated as "confidential" by the party or individual disclosing it in one or more of the following way:

> Information contained in any document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to a party or his counsel or by giving written notice to counsel for a party, describing the document or part thereof either specifically or by category.

2. "Confidential information" disclosed by a party or their counsel to a party or their counsel during the course of discovery proceedings in this action:

   a. Shall be used by counsel for the party only for purposes of this action.

   b. Shall not be published to the general public in any form by the opposing counsel, nor used by the opposing counsel for any business or commercial purposes.

   c. Shall be disclosed by counsel for a party only to the following persons:

      (1) The parties and attorney of record for a party, including any staff, or retained consultants and experts of the parties or attorneys of record which represent a party.

      (2) Court reporters or stenographers engaged to record deposition testimony, and their employees.

(3) Such other persons as hereafter may be authorized by the Court upon motion of a party.

3. A copy of this Protective Order shall be delivered to each of the persons within categories (2) and (3) of paragraph 2 (c) above to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made.

4. The provisions of this Protective Order shall not be construed as preventing any disclosure of confidential information to any judge, magistrate, or employee of this Court for purposes of this action.

5. Transcripts of depositions which contain confidential information shall be sealed by the Clerk of this Court upon their filing. No person other than a judge, magistrate or employee of this Court, or counsel of record shall have access to them without the prior order of this Court.

6. This Protective Order shall not: (a) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (b) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Protective Order; or (c) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any confidential information.

7. Upon the conclusion of this litigation, all confidential information supplied by any producing party and all copies thereof, shall be returned to the producing party or such confidential discovery material shall be certified to have been destroyed.

8. Nothing in this Protective Order shall preclude a party from offering confidential information into evidence at the trial of this action.

9. All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

Nothing in this Protective Order shall be construed to limit the redaction of file and indexing information in the discretion of counsel for the Defendant when they deem such redaction necessary for Privacy Act material unrelated to this lawsuit.

The entry of this Protective Order is consented to by the parties to this action.

Signed: May 10, 2006

Lacy H. Thornburg
United States District Judge

CONSENTED TO:

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

**s/ Sidney P. Alexander**

Sidney P. Alexander TN Bar No. 005122
Assistant U.S. Attorney
Attorney for the Defendant
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
(828) 271-4661
(828) 271-4327 fax
sid.alexander2@usdoj.gov

**s/ John C. Hunter**

John C. Hunter    NC Bar No. 13197
Attorney at Law
Attorney for the Plaintiff
Biggers and Hunter, PLLC
79 Woodfin Place, Suite 211
Asheville, NC 28801
(828) 281-1940
jchesq@bellsouth.net